CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 12 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA

United States of America

v.

Luis Carlos Castano

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:19mj104

I <u>Melvin F. Taylor</u> being duly sworn state the following is true and correct to the best of my knowledge and belief. On <u>December 30, 2018</u> in <u>Carroll County, VA</u> in the Western District of Virginia the defendant(s) did:

Commit an offense defined in Title <u>18</u> United States Code, Section(s) <u>922 (g)(1).</u>

I further state that I am an <u>ATF Special Agent</u> and that this complaint is based on the following facts:

SEE ATTACHED

Continued on the attached sheet and made a part hereof.   ■ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence,

9/12/19 at Abingdon, Virginia
Date                          City and State

Hon. Pamela Meade Sargent
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

# PROBABLE CAUSE AFFIDAVIT

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since August 2016. I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program, which are both located at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to becoming an ATF Agent, I served as a Police Officer with the City of Collegedale, TN from 2006-2016 and attended the Cleveland State Law Enforcement Training Center. I have a Masters of Science Degree in Criminal Justice from Bethel University. During the course of my career in law enforcement, I have participated in investigations of firearms trafficking, firearms offenses set forth in titles 18 and 26 of the United States Code, drug trafficking, and violent crime. I have also conducted or participated in surveillance, the execution of numerous search and arrest warrants, debriefings of informants, reviews of taped conversations and drug records, and have participated in investigations that included the interception of electronic communications. Through my training, education and experience, I have become familiar with the manner in which firearms and illegal drugs are transported, stored, and distributed, the methods of payment for such items, the laundering of illegal proceeds, and the "lingo" and coded language used by such traffickers. I have participated in the application for and execution of search and arrest warrants in connection with these investigations, and I have interviewed several individuals involved in such crimes.

Based upon my training and experience stated herein above, information provided by other law enforcement officers, and through my participation in an investigation related to the unlawful possession of a firearm by convicted felon, Luis Carlos CASTANO, on Route 52 (Fancy Gap Highway) in Carroll County, VA, I know:

Title 18, USC, Section 922 (g) (1) states that it is unlawful to knowingly possess a firearm and ammunition after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and where the firearm and ammunition affected commerce.

1. On December 30, 2018, Sgt. Edwards with the Carroll County, VA Sheriff's Office, was working patrol. Sgt. Edwards was observing vehicle traffic, as his car was sitting stationary at the Tavern, located on Route 52 (Fancy Gap Highway) in Carroll County, VA. Sgt. Edwards observed a 4-door Ford pass him with an expired Virginia State Inspection Sticker and no front license plate displayed. Sgt. Edwards also observed 4-door silver Pontiac with a North Carolina license plate following behind the Ford.

2. Sgt. Edwards caught up to the Ford vehicle and signaled to get between the two vehicles in order to conduct a traffic stop of the Ford vehicle. Once behind the Ford vehicle, Sgt. Edwards observed that the Pontiac vehicle was extremely close to his patrol vehicle and began to swerve back and forth very close to his rear bumper. As Sgt. Edwards attempted to stop the Ford vehicle, the Pontiac vehicle tried to pass him by going into oncoming traffic. When Sgt. Edwards was almost stopped, he motioned for the Pontiac vehicle to pull over as well, due to reckless driving.

3. Sgt. Edwards had both vehicles stopped in the Nest and Hive Shoppe business parking lot. As Sgt. Edwards attempted to make contact with the driver of the Ford vehicle, the driver in the Pontiac vehicle, later identified as CASTANO through NC driver's license # 020397861, stated he was sorry and he did not know Sgt. Edwards was law enforcement.

CASTANO asked if he was free to go and was instructed by Sgt. Edwards that he was not free to go and that Sgt. Edwards would be back to talk with him in a moment.

4. Sgt. Edwards made contact with the driver of the Ford vehicle, identified as Kaitlyn Elizabeth MARTIN. MARTIN stated she did not know why she was stopped. MARTIN stated CASTANO was all over the road, because he was extremely tired and she was trying to get him to a motel located in the Fancy Gap area of Carroll County, VA to rest. MARTIN provided Sgt. Edwards a passport and an expired NC license. A commercial database revealed that MARTIN had a suspended license.

5. Sgt. Edwards talked with CASTANO and received his valid NC license. CASTANO stated he was a convicted felon, but his probation officer knew why he was in the state of Virginia. Sgt. Edwards observed several loose rounds of ammunition in the back seat area of the Pontiac vehicle in plain view. CASTANO refused consent for Sgt. Edwards to search the vehicle. Based on CASTANO'S statement of being a convicted felon and ammunition observed in plain view by Sgt. Edwards, CASTANO was instructed to exit the vehicle for further investigation. Once the driver side door was opened, Sgt. Edward located a black Bushmaster AR Style Rifle bearing serial # BK1605495 beside CASTANO's left leg with a sweatshirt on top of it to conceal it from view. CASTANO stated that he did not know the rifle was in his car. CASTANO was detained and Sgt. Edwards explained to CASTANO his Miranda Rights. The rifle had a loaded, large capacity magazine containing 61 rounds of ammunition with 1 round in the chamber. Located in the backseat were multiple loose .223 rounds of ammunition with an empty box beside another magazine, which was loaded with 19 rounds of ammunition.

6. A black zipper pouch was located beside the ammunition with a glass jar inside containing a green leafy substance, suspected to be marijuana. A field test of said substance showed positive for marijuana.

7. CASTANO stated that the Pontiac vehicle was his, but it had been stolen 3 days prior. CASTANO stated he found his car at a Car Wash in Cana, VA with the keys lying on the tire. CASTANO stated that he jumped in his car from the passenger side and took off. CASTANO stated that whoever stole his car left the firearms in his car before CASTANO found it at the Car Wash.

8. A Remington 870 12-gauge Shotgun bearing Serial # C262425M was located in the trunk. The shotgun contained three (3) Rifled Slugs with no ammunition in the chamber. A tan backpack containing shotgun shells and pistol ammunition was also located in the trunk.

9. A receipt, located in a Walmart bag in the backseat, showed a purchase of ammunition at 0851 hrs. The address on the receipt was 320 E. Hanes Mill Road, Winston-Salem, NC.

10. CASTANO was taken into custody for Reckless Driving, Possession of Marijuana, and Firearm Possession by a convicted Felon.

11. MARTIN was taken into custody by Deputy Dennie Surrat for drug possession after a search of her vehicle.

12. S/A Taylor made contact with the U.S. Probation Officer, John Campbell, out of the Middle District of North Carolina. According to Campbell, CASTANO advised Campbell that a female took his car and CASTANO was going to try to retrieve the vehicle. CASTANO did not tell Campbell that he was going to Virginia. Campbell stated that he had a Detainer for CASTANO, due to violating his supervisory

release. Campbell advised that CASTANO had only been released from incarceration for 3 months prior to being arrested.

13. On July 26, 2019, S/A Taylor reviewed judgment records from the United States District Court's Middle District of North Carolina in regards to Luis Carlos CASTANO. According to records, Luis Carlos CASTANO was sentenced on December 17, 2008 to serve 120 months for Possession of a Firearm by a Felon with 3 years of supervisory release upon release from imprisonment. According to this record, Luis Carlos CASTANO is prohibited from possessing firearms and ammunition as he was convicted of a crime punishable by imprisonment for a term exceeding one year.

14. On July 31, 2019, Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) Stephen Levesque examined firearms for purposes of determining classification under Title 18 U.S.C., Chapter 44 and whether they have moved in interstate or foreign commerce. It is the opinion of SA Levesque that if these firearms were received and/or possessed in the State of Virginia, they traveled in or affected interstate and/or foreign commerce.

15. Based upon the facts set forth above, I believe there is probable cause for the issuance of an arrest warrant for Luis Carlos CASTANO for his involvement in the unlawful possession of a firearm and ammunition by a convicted felon in Carroll County, VA.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

9/12/19
Date

Melvin F. Taylor Jr.
Special Agent / ATF

Subscribed and sworn to before me, this 10th day of September 2019, at Abingdon, Virginia.

Pamela Meade Sargent
United States Magistrate Judge